On petitioner's petition for attorney fees filed August 25, and respondent's objection filed September 21, 1988, (see 92 Or App 331, 758 P2d 410 for opinion), petition denied January 18, 1989

## STATE OF OREGON,
## EXECUTIVE DEPARTMENT,
*Respondent,*

*v.*

## FEDERATION OF OREGON PAROLE
## AND PROBATION OFFICERS,
*Petitioner.*

## (ERB UP-74-87; CA A45663)
767 P2d 112

Marcia Ohlemiller, Portland, for petitioner.

Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and Rives Kistler, Assistant Attorney General, Salem, for respondent.

Before Warren, Presiding Judge, and Warden and Deits, Judges.

WARREN, P. J.

## WARREN, P. J.

The Executive Department filed a complaint against the Federation of Oregon Parole and Probation Officers (FOPPO), alleging that it had committed an unfair labor practice. The Employment Relations Board agreed, and FOPPO petitioned for judicial review. We reversed. 92 Or App 331, 758 P2d 410 (1988). FOPPO has now filed a "Petition For Attorney Fees On Appeal And Representation Costs" with this court.

ORS 243.676(2) gives ERB the authority to determine costs and fees:

"Where * * * the board finds that any person * * * has engaged in or is engaging in any unfair labor practice charged in the complaint, the *board* shall:

"* * * * *

"(d) Designate the amount and award representation costs, if any, to the prevailing party; and

"(e) Designate the amount and award attorney fees, if any, to *the prevailing party on appeal,* including proceedings for Supreme Court review, of a board order." (Emphasis supplied.)

FOPPO argues that ORS 243.676 does not control the award of fees in this case, because that statute provides for an award only when ERB finds that a person has engaged in an unfair labor practice, and on judicial review FOPPO was found not to have done so.

██ ██ FOPPO also contends that ORS 243.676 does not prohibit an award by this court[1] and that it makes no sense

---

[1] ERB has adopted OAR 115-35-055 and OAR 115-35-057, which appear to preclude an award in this case. OAR 115-35-055 provides, in part:

"(a) Pursuant to ORS 243.676(2)(d) and (3)(b), the Board shall award representation costs to the prevailing party in unfair labor practice cases. An award of representation costs shall not exceed $3500 except such limitation shall not apply in cases where civil penalties would be appropriate.

"(b) Prevailing party is the party in whose favor a Board Order is issued."

OAR 115-35-057(2) provides:

"The petitioning party must have been a prevailing complainant in an unfair labor practice case and the order of the Board must have been affirmed by the Court of Appeals or, where applicable, by the Supreme Court. Where the petitioning party was an appellant or cross-appellant, the Board will consider only that portion of its attorney fees incurred in defending the Board Order in making an attorney fee award."

FOPPO does not challenge the validity of these rules.

not to award fees to a party who has been "wronged by an erroneous [ERB] order" and must therefore appeal. It urges that we can award fees under ORS 19.220:

> "Any statute law of this state that authorizes or requires the award or allowance of attorney fees to a party in a *civil action or proceeding,* but does not expressly authorize or require that award or allowance on an appeal in the action or proceeding and does not expressly prohibit that award or allowance on an appeal, shall be construed as authorizing or requiring that award or allowance on an appeal in the action or proceeding." (Emphasis supplied.)

ORS 19.220 applies to civil actions, not to judicial review of agency orders under ORS chapter 183. Attorney fees in APA cases are generally governed by ORS 183.497,[2] but the legislature has provided the authority to ERB to determine what costs and fees, if any, shall be awarded for proceedings both before ERB and on judicial review in an unfair labor practice case. ERB, not the Court of Appeals, has the initial authority to make the determination.

Petition denied.

---

[2] ORS 183.497 would not allow an award of attorney fees in this instance. The statute applies to administrative proceedings brought *against* the state agency whose order is challenged. The present case was brought by FOPPO against the Executive Department, not an agency. *See* ORS 183.310(1).